Wang v. Garland

BIA
Wright, IJ
A089 971 651

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-four.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
     *Circuit Judges.*
_____

ZHONGJIANG WANG,
     *Petitioner,*

v.                                                                22-6212
                                                                  NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*
_____

FOR PETITIONER:          Aleksander Boleslaw Milch, Esq., The Kasen Law Firm, PLLC, Flushing, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhongjiang Wang, a native and citizen of the People's Republic of China, seeks review of an April 4, 2022 decision of the BIA affirming a November 14, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhongjiang Wang*, No. A089 971 651 (B.I.A. Apr. 4, 2022), *aff'g* No. A089 971 651 (Immig. Ct. N.Y. City Nov. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude

2

to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Wang was not credible as to his claims that he was twice detained in China, once for resisting family planning officials who were forcibly taking his wife to have an abortion and once for attending an unauthorized Christian gathering. The agency reasonably relied on Wang's inconsistent evidence regarding when his sister paid a family

3

planning fine to secure his release from detention, whether his sister or wife bailed him out of jail when he was arrested for unauthorized religious practice, and how long he was detained for that practice. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The agency also reasonably relied on a letter from Wang's wife, which omitted any mention of her forced abortion, Wang's detention for resisting the family planning policy, or the confiscation of their land for violating the policy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 78 (providing that the agency may rely on omissions when the omitted "facts are ones [a] witness would reasonably have been expected to disclose"); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Despite an opportunity to explain these inconsistencies and omissions, Wang did not do so in a way that would compel the IJ to credit his testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a

4

plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court